[No. 29333.   Department Two.   October 27, 1944.]

PAUL NAJEWITZ, *Appellant,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

[1]Reported in 152 P. (2d) 722.

*Austin E. Griffiths,* for appellant.

*A. C. Van Soelen* and *Glen E. Wilson,* for respondents.

BLAKE, J.—This is an appeal from a judgment of dismissal entered on an order sustaining a demurrer to the amended complaint. The appellant conceives that his alleged cause of action is based upon a contract of employment with the city, and the amended complaint is replete with allegations, by way of inducement and conclusion, upon that theory.

We think, however, the *ultimate facts* pleaded present quite a different cause of action. The allegations of the amended complaint are, in substance, as follows:

The city owned and operated a gravel pit in the vicinity of Juanita Bay on Lake Washington; that there were a dock and a house on the property and "various appliances or machinery for the convenient handling of sand and gravel from said pit"; that, in June, 1931, the city employed plaintiff as a watchman and caretaker of such property and "particularly employed plaintiff to move from said city into said house upon said tract of land"; that such employment was "to continue and last until such time as defendant city should have just cause . . . to discharge plaintiff from such employment, or until defendant city should cease to own and use said pit"; that it was agreed that only negligence or fault on the part of plaintiff in the performance of his duties as watchman and caretaker would result in his discharge; that it was further agreed that plaintiff would put and keep the house and other improvements on the property in repair and in a useful condition; that he did "at his own cost and money" make improvements on the property to the amount of three hundred dollars; that, on October 22, 1940, defendant Sankey and others, acting under orders of defendant Wartelle, who is the city engineer, ordered plaintiff off the property; that they threatened, if

plaintiff refused to move, to return and forcibly eject him on October 24th.

Plaintiff prayed that an injunction issue restraining defendants from ejecting him from the property and, in the alternative, for three hundred dollars.

■ We think it is clear that the amended complaint, stripped of conclusions and argumentative allegations, merely sets up an agreement for the occupancy of real property. All declarations and conclusions to the contrary cannot change the legal relationship of the parties established by the ultimate facts alleged.

The legal effect of the agreement pleaded created the relationship of landlord and tenant, not that of employer and employee. In its simple and ultimate aspect, it was an agreement whereby plaintiff was permitted to occupy the house on the property in consideration of his services in taking care of and keeping the property in repair.

■ The tenancy created was for an indefinite term. It was not a tenancy from month to month, however, in contemplation of Rem. Rev. Stat., § 10619 [P. C. § 3554], because there was no "monthly or other periodic rent reserved." Nor was it a tenancy at sufferance under Rem. Rev. Stat., § 10621 [P. C. § 3556], because, according to the allegations of the amended complaint, the occupancy was with the consent of the owner.

At common law the tenancy would have been one at will, and as such could have been terminated without notice. 32 Am. Jur., Landlord and Tenant, pp. 81, 83, §§ 66, 68.

This court however, has expressed some doubt as to whether there is such a tenancy under our statutes. In *Morris v. Healy Lbr. Co.,* 46 Wash. 686, 91 Pac. 186, the court observed, p. 690:

"In the first place, we think it may be doubted whether there is, under the statutes of this state, any such tenancy as a tenancy at will, at least, any such tenancy as a tenancy at will as that term was understood at common law. The statute recognizes but four species of tenancies, namely: tenancies for a fixed time; tenancies from year to year; tenancies for an indefinite term; and tenancies by sufferance. Bal. Code, §§ 4568-4571 (P. C. §§ 5998-6001). The

nearest approach to a tenancy at will in the tenancies here mentioned is the tenancy for an indefinite time, but if the lease in question creates a tenancy for an indefinite time it does not aid the appellants in this action. Such tenancy can only be terminated by a written notice given thirty days or more preceding the end of some rent paying period (Id. § 4569), and no such notice was given in this case."

We think, however, that the court's observation with respect to tenancy at will and the necessity of thirty days' notice to effectuate a termination was unnecessary to the decision of the case, for, construing the agreement then before it, the court held that it was not a lease for an indefinite time.

▮ The case has not since been cited as authority on the point; consequently, we feel free to refuse to accept the dictum as authority in deciding this case. For, in construing an agreement creating a tenancy which does not fall within any of the four categories of tenancy defined by statute, we think the rights of the parties can be properly determined only by resort to the rules of common law. Measured by such rules, the agreement clearly created a tenancy at will. It was for an indefinite term. No monthly or other periodic rent was reserved; consequently, there was no time basis from which a thirty-day notice of termination could start. The tenancy was terminated when demand for possession was made upon the land, and the only possible right plaintiff may have had thereafter was a reasonable time within which to vacate. 32 Am. Jur., Landlord and Tenant, p. 83, § 68.

▮ The city is not liable for any repairs or improvements made upon the property by plaintiff. *Hockersmith v. Ferguson,* 63 Wash. 581, 116 Pac. 11; *Clarke v. Yukon Inv. Co.,* 83 Wash. 485, 145 Pac. 624.

The demurrer to the complaint was properly sustained.

Judgment affirmed.

SIMPSON, C. J., BEALS, ROBINSON, and MALLERY, JJ., concur.

▮

December 5, 1944. Petition for rehearing denied.