[No. 2513-44692-3.   Division Three.   May 31, 1978.]

RICHARD TURNER, *Respondent,* v. ROBERT WHITE, JR.,
*Appellant.*

*Richard Smith,* for appellant.

Munson, C.J.—Defendant appeals from judgment entered in an unlawful detainer action.[1] We reverse and dismiss, holding that RCW 59.12.030 is not applicable against a tenant at will.

In April 1976, the defendant was employed by the plaintiff, and as part of his compensation was allowed to live in a trailer house owned by plaintiff. Defendant's employment terminated June 26, 1976, but defendant continued to live in the trailer house. On July 8, 1976, defendant was served with a notice of "Eviction and Notice to Vacate" which stated in part that defendant was to vacate immediately. On July 13, defendant was served with a summons and complaint for unlawful detainer. He vacated the trailer house on July 26. Trial was held in November of 1976 and judgment entered in January of 1977. The court found that defendant was liable for rent from July 11, 1976, through July 26, 1976, and doubled the rent as provided by statute. Judgment was entered against defendant for $200 plus costs and statutory attorney's fees.

The unlawful detainer statute, RCW 59.12.030 *et seq.*, is a special statutory procedure to determine the right to possession. *Tuschoff v. Westover,* 65 Wn.2d 69, 395 P.2d 630 (1964); *Young v. Riley,* 59 Wn.2d 50, 365 P.2d 769 (1961); *Kessler v. Nielsen,* 3 Wn. App. 120, 472 P.2d 616 (1970).

RCW 59.12.030 consists of six separate sections, outlining different circumstances under which a tenant may be guilty of unlawful detainer. They include the following situations:

(a) Holding over after the expiration of tenancy for a specified time;

(b) Continuing in possession after a 20–day notice to vacate has been served when the tenancy is for an indefinite time with monthly or other periodic rent reserved;

(c) Continuing possession after default in payment of rent and tenant has failed either to pay or vacate the premises within 3 days after service of the notice to do so;

---

[1]The respondent did not appear or participate in this appeal.

(d) Continuing in possession after neglect or failure to perform any of the covenants of the lease and failure to comply with the terms within 10 days after service of the notice requiring him to do so;

(e) Committing or permitting waste or maintaining a nuisance upon the premises and continuing in possession after service of a 3-day notice to vacate; and

(f) Entering upon the land of another without the owner's consent and remaining thereon after 3-day notice to vacate.

█ Here, the tenant had come upon the premises with the permission of the owner, the tenancy was terminable without notice and provided for no monthly or periodic payments. The tenancy was not one within the six sections of RCW 59.12.030. Rather, it was what was denominated in common law as a tenancy at will which was terminable only upon demand for possession, allowing the tenant a reasonable time to vacate. *Najewitz v. Seattle,* 21 Wn.2d 656, 152 P.2d 722 (1944).

Having reached this result, it is unnecessary to consider other grounds argued by defendant.

Judgment is reversed and the complaint dismissed.

GREEN and ROE, JJ., concur.