FILED
COURT OF APPEALS
DIVISION II

2014 AUG -5 AM 10: 39

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Estate of:<br><br>WILLIAM P. BREMER,<br><br>Deceased. | No. 44350-3-II<br>consolidated with<br>No. 44494-1-II<br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Glen Walker and Scott and Elizabeth Hawton (collectively "purchasers") entered into a real estate contract with William Bremer. After the purchasers failed to make payments under the contract, William[1] obtained a forfeiture of the contract under the Real Estate Contract Forfeiture Act.[2] When Walker refused to vacate the property, Kevin Bremer, the personal representative of William's estate, filed an unlawful detainer action and obtained a writ of restitution to remove Walker from the property. Walker appeals the superior court's denial of his motion to revise the order for a writ of restitution, the superior court's dismissal of his suit to vacate the forfeiture and for recission of the real estate contract, and the superior court's award of attorney fees to Kevin. Because the Real Estate Contract Forfeiture Act specifically allows for the use of an unlawful detainer action, Kevin properly brought such action, and because Walker failed to properly serve Kevin the summons and complaint in his suit to vacate the forfeiture, the superior court properly dismissed Walker's suit to vacate the forfeiture. We affirm.

---

[1] We refer to William Bremer and Kevin Bremer by their first names to avoid confusion.

[2] Chapter 61.30 RCW.

FACTS

I.   FORFEITURE AND UNLAWFUL DETAINER

William entered a real estate contract with the purchasers on October 23, 2009, for the sale of commercial property located in Sumner. After the purchasers failed to make payments under the contract, William filed a notice of forfeiture on June 11, 2012. The notice gave the purchasers until September 7, 2012, to cure the identified defaults. William sent the notice of forfeiture to the address the purchasers had provided in the real estate contract and to the purchasers' attorneys.

Shortly after William filed the notice of forfeiture, the Hawtons filed for Chapter 7 bankruptcy. In order to proceed with the forfeiture, Kevin obtained relief from the bankruptcy court's stay on October 5, 2012. Kevin then obtained a declaration of forfeiture on October 11, 2012, and served the purchasers the notice of the declaration by certified mail at the address provided in the real estate contract. Kevin also served notice on the purchasers' respective attorneys and posted notice on the Sumner property. The declaration of forfeiture required the purchasers to surrender possession of the Sumner property within 10 days. The declaration of forfeiture notified the purchasers that if they wished to contest the forfeiture they had to file and serve the summons and complaint on the seller or the person who signed the declaration of forfeiture, Kevin, no later than December 11, 2012.

After Walker failed to vacate the Sumner property, Kevin filed a complaint for unlawful detainer against Walker on October 24, 2012. Walker answered the complaint and asserted Kevin could not utilize an unlawful detainer action because it is available for relief only in landlord-tenant matters. The show cause hearing for the unlawful detainer action occurred on November 9, 2012. The superior court commissioner issued a writ of restitution restoring the

2

Sumner property to Kevin's possession. Walker moved for revision of the order for writ of restitution, which the superior court denied. The superior court awarded Kevin $7,500.00 in attorney fees and $329.35 costs. Walker appeals the order for writ of restitution and the order for fees.

II.    SUIT TO VACATE THE FORFEITURE

On December 7, 2012, Walker filed a complaint in superior court against Kevin to vacate the forfeiture, rescind the real estate contract, and for damages. On December 10, 2012, Walker had the summons and complaint served on Pierre Acebedo, Kevin's attorney in another matter. Walker also mailed a copy of the summons and complaint to Kevin on December 10, 2012, which Kevin received by regular United States Post on December 12, 2012. Walker stated that he did not personally serve Kevin because Kevin was out of town. Walker filed a *lis pendens* for the Sumner property in Pierce County Superior Court on January 2, 2013.

Walker moved to consolidate his suit to vacate the forfeiture with a previous suit he filed against the Hawtons and William in September 2011. Walker argued his consolidation motion in front of Judge Garold Johnson on December 21, 2012. Judge Johnson denied Walker's motion to consolidate. Later the same day, Walker again presented his motion to consolidate to Judge John Hickman, which Judge Hickman also denied.

Kevin moved to dismiss Walker's complaint alleging improper service of the complaint and improper filing of the *lis pendens*. Walker also moved for a change of judge and filed a declaration of prejudice regarding Judge Hickman on January 2, 2013. Judge Hickman

3

concluded that he had already made a discretionary ruling in the case and that Walker's motion was too late. The superior court also granted Kevin's motion to dismiss Walker's lawsuit to vacate the forfeiture. In addition to appealing the order for writ of restitution, Walker appeals the order dismissing his lawsuit to vacate the forfeiture. We consolidated Walker's two appeals.

ANALYSIS

I.     CHALLENGES TO KEVIN'S FORFEITURE ACTION AND SUIT FOR UNLAWFUL DETAINER

    A.     WALKER LACKS STANDING TO CHALLENGE NOTICE TO THE HAWTONS' TRUSTEE IN BANKRUPTCY

Walker argues Kevin failed to provide notice of the declaration of forfeiture to Walker and the Hawtons' trustee in bankruptcy. Walker did not raise the issue of lack of notice to himself in the superior court and cannot raise this issue for the first time on appeal. RAP 2.5(a). We also hold that Walker lacks standing to challenge the lack of notice to the Hawtons' trustee in bankruptcy.

"'The doctrine of standing generally prohibits a party from asserting another person's legal right.'" *In re Estate of Fitzgerald*, 172 Wn. App. 437, 452, 294 P.3d 720 (2012) (quoting *Timberlane Homeowners Ass'n, Inc. v. Brame*, 79 Wn. App. 303, 307, 901 P.2d 1074 (1995)). Under the Real Estate Contract Forfeiture Act, both Walker and the Hawtons had the right to notice of the declaration of forfeiture. RCW 61.30.040(7), .070. But Walker cannot raise a lack of notice to the Hawtons or their trustee in bankruptcy. Thus, Walker lacks standing to contest the Hawtons' legal right to notice and we do not consider Walker's arguments regarding notice of the declaration of forfeiture.

B.     UNLAWFUL DETAINER ACTION WAS PROPER

Walker next argues the superior court erred by ordering a writ of restitution in an unlawful detainer action and denying his motion to revise the writ. He claims that Kevin should have brought an ejectment action, which would have allowed Walker to assert counter claims. Because the Real Estate Contract Forfeiture Act specifically allows use of an unlawful detainer action, Kevin properly brought such action and the superior court did not err by denying Walker's motion to revise the writ of restitution.

We review questions of law de novo. Here, the issue is the appropriateness of the unlawful detainer action. *Klem v. Wash. Mut. Bank*, 176 Wn.2d 771, 782, 295 P.3d 1179 (2013). Pursuant to RCW 61.30.100(3), once a seller has obtained a declaration of forfeiture, the Forcible Entry and Unlawful Detainer Act (chapter 59.12 RCW) may be used to remove the buyer from the property. "The seller shall be entitled to possession of the property ten days after the declaration of forfeiture is recorded or any longer period provided in the contract or any other agreement with the seller. The seller may proceed under chapter 59.12 RCW to obtain such possession." RCW 61.30.100(3). Here, Walker did not vacate the Sumner property within 10 days as ordered in the declaration of forfeiture. Accordingly, Kevin lawfully exercised his rights to commence an unlawful detainer action.

Walker argues that the real estate contract states that he became a tenant at will by remaining on the Sumner property 10 days after receiving notice of the declaration of forfeiture. Relying on *Turner v. White*, 20 Wn. App. 290, 292, 579 P.2d 410 (1978), Walker contends that an unlawful detainer action cannot be used to remove a tenant at will from property. But *Turner* does not apply in this situation. In *Turner* the tenant, as part of his employment compensation, lived in a trailer his landlord owned, which the court characterized as a tenancy at will. 20 Wn.

5

App. at 291-92. After the landlord fired the tenant, the landlord served the tenant with notice of eviction and notice to vacate immediately, and five days later the landlord filed an unlawful detainer action. *Turner*, 20 Wn. App. at 291. The court held that an unlawful detainer action was improper and that the tenancy at will "was terminable only upon demand for possession, allowing the tenant a reasonable time to vacate." *Turner*, 20 Wn. App. at 292.

The tenant in *Turner* used the property as his primary residence, whereas Walker used the Sumner property for a commercial business and had already lost all rights in the property due to the forfeiture action. Because the Real Estate Contract Forfeiture Act specifically permits a seller to utilize an unlawful detainer action to remove a purchaser who remains on the property 10 days after being served notice of the declaration of forfeiture, Kevin acted properly and the superior court did not err by denying Walker's motion for revision of the writ of restitution.

C.    SUPERIOR COURT PROPERLY AWARDED ATTORNEY FEES

Walker argues the superior court improperly awarded Kevin attorney fees and costs. Because the superior court used the lodestar method to calculate fees and its decision was not manifestly unreasonable, we affirm the superior court's award of attorney fees and costs for Kevin.

We apply a two-part standard of review to a superior court's award of attorney fees: "(1) we review de novo whether there is a legal basis for awarding attorney fees . . . and (2) we review a discretionary decision to award . . . attorney fees and the reasonableness of any attorney fee award for an abuse of discretion." *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012). The superior court has broad discretion when determining the reasonableness of an attorney fee award. *Hall v. Feigenbaum*, 178 Wn. App. 811, 827, 319 P.3d 61, *review denied*,

6

180 Wn.2d 1018 (2014). We will overturn the superior court's award only if the superior court's decision is manifestly unreasonable or based on untenable grounds. *Hall*, 178 Wn. App. at 827.

The superior court may award reasonable attorney fees only if authorized by a contract, statute, or rule. *Malted Mousse, Inc. v. Steinmetz*, 150 Wn.2d 518, 535, 79 P.3d 1154 (2003). Here, the real estate contract authorized reasonable attorney fees and costs for the prevailing party for any litigation arising out of a default or forfeiture.[3] The Real Estate Contract Forfeiture Act also authorizes reasonable attorney fees in the event that any person fails to surrender possession of the property at issue: "Any person in possession who fails to surrender possession when required shall be liable to the seller for actual damages caused by such failure and for reasonable attorneys' fees and costs of the action." RCW 61.30.100(3).

As a general rule, Washington courts calculate reasonable attorney fees based on the lodestar method. *Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 81, 272 P.3d 827 (2012). Under this method, the court evaluates whether counsel spent a reasonable number of hours—excluding any wasteful or duplicative hours and any hours pertaining to unsuccessful claims—and whether counsel billed a reasonable rate. *Smith v. Behr Process Corp.*, 113 Wn. App. 306,

---

[3] The real estate contract provides:

> The defaulting party hereby promises to pay all costs and expenses so incurred by the non defaulting party, including . . . reasonable attorneys' costs and fees. . . . In the event either party hereto institutes, defends, or is involved with any action to enforce the provisions of this contract, the prevailing party in such action shall be entitled to reimbursement by the losing party for its court costs and reasonable attorneys' costs and fees, including such costs and fees that are incurred in connection with any forfeiture, . . . or to contest the reasonableness of any person's costs or attorneys' fees . . . appeal, or other proceeding.

Clerk's Papers (CP) at 22.

341, 54 P.3d 665 (2002) (citing *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983)).

Here, Kevin requested $14,369.35 in attorney fees and $329.35 in costs. The superior court concluded that Kevin was entitled to attorney fees based on both the real estate contract and by statute. The superior court, however, awarded Kevin only $7,500 in attorney fees and $329.35 in costs because it could not agree, given Kevin's counsel's experience with unlawful detainer actions, even though this one was contested, that $14,369.35 was warranted. We hold Kevin was entitled to attorney fees based on the real estate contract and RCW 61.30.100(3) and that the superior court's award of attorney fees was not manifestly unreasonable. We affirm the award of attorney fees and costs.

## II.    CHALLENGES TO SUIT TO VACATE THE FORFEITURE

### A.    WALKER PROVIDED INSUFFICIENT PROCESS OF SERVICE

Walker argues he properly served his summons and complaint for his suit to vacate the forfeiture on Kevin pursuant to RCW 4.28.080(16) and that the superior court erred by dismissing his case for failure to provide proper service.[4] Because Walker failed to personally serve the proper party, we affirm the dismissal of Walker's suit to vacate the forfeiture.

We review the superior court's dismissal of an action for insufficient service of process de novo. *Witt v. Port of Olympia*, 126 Wn. App. 752, 757, 109 P.3d 489 (2005). The Real Estate Contract Forfeiture Act provides a specific method for process of service in order to vacate the forfeiture. RCW 61.30.140(2) states in pertinent part:

---

[4] Walker raised a "private mailbox" argument for the first time in oral argument related to process of service, which we do not consider. RAP 2.5(a).

8

An action to set aside the forfeiture permitted by this section may be commenced . . . by filing and serving the summons and complaint not later than sixty days after the declaration of forfeiture is recorded. Service shall be made upon the seller or the seller's attorney-in-fact, if any, who signed the declaration of forfeiture.

The declaration of forfeiture was filed on October 11, 2012. Therefore, the sixtieth day both to file and serve the summons and complaint challenging the forfeiture expired not later than December 11, 2012. Walker filed the summons and complaint on December 7, 2012, within the 60-day timeframe, but never personally served Kevin.

Walker argues he effectuated proper service on December 10, 2012 by serving the summons and complaint on Acebedo, Kevin's attorney in a separate matter, per RCW 4.28.080(16). RCW 4.28.080(16) provides:

In lieu of service under subsection (15) of this section, where the person cannot with reasonable diligence be served as described, the summons may be served as provided in this subsection, and shall be deemed complete on the tenth day after the required mailing: By leaving a copy at his or her usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof, and by thereafter mailing a copy by first-class mail, postage prepaid, to the person to be served at his or her usual mailing address.[5]

Walker contends Acebedo's address was Kevin's "usual mailing address" because Acebedo's address appeared in the notice to creditors in the probate matter where Kevin was appointed personal representative of William's estate. Walker's argument fails for two reasons.

First, Acebedo represented Kevin in the probate matter and not every action. Pursuant to RCW 61.30.140(2), Kevin signed the declaration of forfeiture as the seller of William's property in his capacity as personal representative. No attorney-in-fact existed. There is no evidence that

---

[5] RCW 4.28.080(15) provides: "In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein."

Acebedo's address was Kevin's usual mailing address and Acebedo did not fall under any of requirements as a person who could be served.

Second, even if Acebedo's address had been Kevin's usual mailing address, the 60-day timeframe for service would have expired. Walker served Acebedo and mailed a copy of the summons and complaint to Kevin on December 10, 2012. Per RCW 4.28.080(16), service is not complete until the tenth day after the mailing. Thus, service in this case was not complete until December 20, 2012, after the 60-day timeframe lapsed. We affirm the superior court's dismissal of Walker's suit to vacate the forfeiture.

### B.    MOTION FOR CHANGE OF JUDGE

Walker next argues the superior court improperly denied his motion for a change of judge. Walker contends that Judge Hickman's prior denial of Walker's motion to consolidate was not a discretionary decision. Although Walker identifies this issue as one of first impression, he cites to no law to provide guidance for us to review this issue. Because Walker did not provide meaningful argument in his brief or support this argument with relevant legal authority, we do not consider this argument. RAP 10.3(a)(6).

### III.    ATTORNEY FEES ON APPEAL

Both Kevin and Walker request reasonable attorney fees and costs on appeal. We may award attorney fees on appeal if "allowed by statute, rule, or contract and the request is made pursuant to RAP 18.1(a)." *Malted Mousse, Inc.*, 150 Wn.2d at 535. Here, as we discuss above, the real estate contract contains a provision permitting a prevailing party to recover reasonable attorney fees in a suit arising out of the contract.

We deny Walker's request because he is not the prevailing party. Kevin, however, is the prevailing party on appeal and, thus, we award him attorney fees for reasonable expenses incurred for this appeal.

Because the Real Estate Contract Forfeiture Act specifically allows for the use of an unlawful detainer action, Kevin properly brought such action and because Walker failed to properly serve Kevin the summons and complaint in his suit to vacate the forfeiture, the superior court properly dismissed his suit to vacate the forfeiture. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Johanson, C.J.