**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STEVEN POHL, | No. 58054-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| DENNIS MARK, | |
| Appellant. | |

MAXA, P.J. – Dennis Mark appeals the trial court's judgment of unlawful detainer entered in favor of Steven Pohl pursuant to the Residential Landlord Tenant Act (RLTA).

Pohl orally gave Mark permission to move onto his property in Elma. Pohl did not require payment of rent, only that Mark would contribute to utility payments, would work on the property, and look after Pohl's health. Mark moved a makeshift recreational vehicle onto the property and built other structures around the recreational vehicle. Pohl later attempted to evict Mark from the property and filed an unlawful detainer action based on an RLTA provision, RCW 59.18.650(2)(c). The trial court entered a judgment for unlawful detainer and a writ of restitution restoring possession of the property to Pohl.

We hold that the RLTA does not apply to Mark's occupancy of Pohl's property. Therefore, the trial court erred when it found Mark liable for unlawful detainer and awarded attorney fees and costs to Pohl. Accordingly, we remand for the trial court to vacate the judgment of unlawful detainer, including the award of attorney fees and costs to Pohl.

FACTS

Pohl owns a property in Elma. Pohl agreed to let Mark stay on his property starting in January 2021. There was a verbal agreement between the parties that Mark would contribute toward utility payments, work on the property, and look after Pohl's health. No rent was specified.

Mark moved a makeshift recreational vehicle that he constructed out of a boat trailer onto Pohl's property and lived in it. Mark subsequently built other structures around the recreational vehicle, including a propane-powered shower house.

In February 2023, Pohl served Mark a three-day notice to quit the premises because of nuisance, waste, and/or unlawful activity, citing RCW 59.18.650(2)(c) and RCW 59.12.030(5). Pohl then filed a complaint for unlawful detainer, alleging that Mark had not vacated the premises. The complaint alleged that Mark was in violation of the Grays Harbor County code and ordinances for camping in an area too long and not being served by approved sanitation facilities. The trial court ordered a show cause hearing.

Mark filed a brief in opposition to the unlawful detainer action, arguing that he was not a "tenant" under the RLTA, and therefore he could be evicted only through an action for ejectment. Mark also filed a declaration in which he denied engaging in illegal activities on the property, and asserted that he had a health department approved portable toilet. At the eviction show cause hearing, Mark asserted that he was an at-will tenant not subject to unlawful detainer proceedings and that he did conduct unlawful activities on the property.

The trial court found the RLTA applied because a rental agreement was created between a landlord and a tenant. The court also found that Mark was properly served with a notice to vacate the premises pursuant to a RLTA provision, RCW 59.18.650(2)(c). The court entered a

2

judgment that Mark was liable for unlawful detainer and that Pohl was entitled to a writ of restitution. The court also awarded Pohl attorney fees and costs in the amount of $3,391.

Mark appeals trial court's unlawful detainer judgment.

## ANALYSIS

### A.   MOOTNESS

Initially, Pohl claims that this appeal is moot because Mark now has vacated the property and is not seeking restoration of his occupancy or damages. However, the trial court entered a money judgment against Mark in the unlawful detainer action for Pohl's attorney fees and costs, and Mark challenges that judgment. Therefore, this appeal is not moot.

### B.   APPLICATION OF RLTA

Mark argues the trial court erred in entering an unlawful detainer judgment based on the RLTA because the RLTA was inapplicable to his occupancy on Pohl's property. We agree.

#### 1.   RLTA Provisions

The RLTA applies to "landlord-tenant relationships." RCW 59.18.911. Therefore, application of the RLTA depends on the statutory definitions of "landlord", "tenant," and related terms.

RCW 59.18.030(16) defines "landlord" as "the owner, lessor, or sublessor of the dwelling unit or the property of which it is a part." RCW 59.18.030(34) defines "tenant" as "any person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a rental agreement." RCW 59.18.030(10) defines "dwelling unit" as "a structure or that part of a structure which is used as a home, residence, or sleeping place by one person or by two or more persons maintaining a common household." And RCW 59.18.030(30) defines "rental

agreement" as "all agreements which establish or modify the terms, conditions, rules, regulations, or any other provisions concerning the use and occupancy of a dwelling unit."

RCW 59.18.650(1)(a) states that "[a] landlord may not evict a tenant . . . except for the causes enumerated in subsection (2) of this section." RCW 59.18.650(2)(c) states that a landlord may evict a tenant when "[t]he tenant continues in possession after having received at least three days' advance written notice to quit after he or she commits or permits waste or nuisance upon the premises, unlawful activity that affects the use and enjoyment of the premises."

Under RCW 59.12.030(5) a "tenant" is liable for unlawful detainer "[w]hen he or she commits or permits waste upon the demised premises, or when he or she sets up or carries on thereon any unlawful business, or when he or she erects, suffers, permits, or maintains on or about the premises any nuisance, and remains in possession after the service . . . upon him or her of three days' notice to quit."

If the RLTA does not apply, a person occupying premises is not subject to eviction under RCW 59.18.650(2). Instead, that person's occupancy constitutes a tenancy at will, where the tenant comes onto the property with the owner's permission, the tenancy was terminable without notice, and there was no rent paid. *Turner v. White*, 20 Wn. App. 290, 292, 579 P.2d 410, (1978). A tenancy at will may be terminated "only upon demand for possession, allowing the tenant a reasonable time to vacate." *Id.*

2. Analysis

Here, Mark's makeshift recreational vehicle and the surrounding structures he built constituted a "dwelling unit." But Pohl did not own that dwelling unit; Mark did. Pohl merely allowed Mark to occupy the property on which Mark's dwelling unit was located. The property

itself does not qualify as a dwelling unit because it is not a "structure." Therefore, Pohl was not a landlord under RCW 59.18.030(16) because he was not the owner of a dwelling unit.

Further, Mark was not a tenant under RCW 59.18.030(34), which requires that the person be entitled to occupy a dwelling unit under a rental agreement. But the oral agreement between Pohl and Mark did not involve occupancy of a dwelling unit. The agreement only allowed Mark to occupy the property on which Mark's dwelling unit was located.

Because Pohl was not a landlord and Mark was not a tenant as defined in the RLTA, the RLTA did not apply to Mark's occupancy of Pohl's property.

Pohl argues that he did not have to own Mark's dwelling unit for the RLTA to apply because the definition of "landlord" expressly applies to the owner of a dwelling unit or "or the property of which it is a part." RCW 59.18.030(16). However, RCW 59.18.030(23) defines "property" as "all dwelling units on a contiguous quantity of land managed by the same landlord as a single, rental complex." The definition does not include occupancy of land absent a dwelling unit owned by the landlord.

Because the RLTA does not apply to Mark's occupancy of Pohl's property, the trial court erred in finding Mark liable for unlawful detainer under a RLTA provision, RCW 59.18.650(2)(c). Therefore, the trial court's unlawful detainer judgment must be vacated.

B.     TRIAL COURT ATTORNEY FEES

The RLTA authorizes an award of attorney fees to the prevailing party. RCW 59.18.290(2)-(3). That was the apparent basis for the trial court's award of attorney fees to Pohl. Because we conclude above that the RLTA not apply here, the award of trial court attorney fees and costs also must be vacated.

C.      ATTORNEY FEES ON APPEAL

Pohl requests an award of attorney fees on appeal under RCW 59.18.290(2)-(3) and because Mark's appeal was frivolous.  Because Pohl is not the prevailing party on appeal and Mark's appeal clearly is not frivolous, Pohl is not entitled to an award of attorney fees on appeal.

Mark requests attorney fees under two RLTA provisions.  RCW 59.18.290(1) allows a tenant to recover attorney fees if removed from the premises in violation of the RLTA.  RCW 59.18.650(4) states that a tenant is entitled to recover attorney fees if a tenant is removed from a dwelling in violation of that section.  However, we have held above that the RLTA does not apply.  Therefore, we decline to award Mark his attorney fees on appeal.

CONCLUSION

We remand for the trial court to vacate the judgment of unlawful detainer including the award of attorney fees and costs to Pohl.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.


We concur:

_____
LEE, J.

_____
CHE, J.

6